UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-272 JGB (SHKx)** | Date | April 3, 2018 |
| Title | *Francisco Alcala v. Republic Bag, Inc., et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    Order (1) GRANTING Plaintiff's Motion to Remand; (2) DENYING Plaintiff's Request for Attorneys' Fees; (3) REMANDING the Case; and (4) VACATING the April 9, 2018 Hearing (IN CHAMBERS)

    Before the Court is Plaintiff Francisco Alcala's motion to remand. ("Motion," Dkt. No. 12.) The Court determines the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of, and in opposition to, the Motion, the Court GRANTS the Motion, DENIES Plaintiff's request for attorneys' fees, and REMANDS the case to state court. The April 9, 2018 hearing is VACATED. The Clerk of the Court is directed to close the case.[1]

## I. BACKGROUND

    On December 22, 2017, Plaintiff filed a complaint against Defendants Republic Bag, Inc., Sigma Plastics Group, and Alpha Industries, Inc. in the Riverside County Superior Court. ("Complaint," Ex. C, Dkt. No. 1.) In his Complaint, Plaintiff alleges 5 causes of action: (1) retaliation in violation of California Labor Code § 1102.5; (2) wrongful termination in violation of public policy; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; and (5) defamation and compelled self-defamation in violation of California Civil Code §§ 45, 46. (See Compl.)

---

[1] Republic's pending special motion at docket number 13 is hereby denied as moot.

Defendant Republic Bag, Inc. ("Republic") removed the action on February 5, 2018 arguing Plaintiff's claims are completely preempted by § 301 of the Labor Management Relations Act ("LMRA"). (Dkt. No. 1.)

On March 7, 2018, Plaintiff moved to remand the action to Riverside Superior Court. (Mot.) Republic opposed the Motion on March 19, 2018.[2] ("Opposition, Dkt. No. 15.) Plaintiff replied on March 26, 2018. ("Reply," Dkt. No. 23.)

## II. LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

LMRA § 301 provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). This provision grants a "congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts." Matson v. United Parcel Service, Inc., 840 F.3d 1126, 1132 (9th Cir. 2016) (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 2012, 209 (1985)). This federal common law preempts the use of state contract law in the interpretation and enforcement of collective bargaining agreements ("CBAs"). Id.

To determine whether a state law claim is preempted under § 301, the Ninth Circuit has articulated a two-part inquiry. The first step considers whether "a particular right inheres in state law, or instead, is grounded in a CBA." Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1060 (9th Cir. 2007). This determination focuses on the "legal character of the claim" and its independence from rights in the CBA. Matson, 840 F.3d at 1132 (quoting Livadas v. Bradshaw, 512 U.S. 107, 123-124 (1994)). "Only if a claim is 'founded directly on rights created by collective-bargaining agreements' is preemption warranted at this step." Id. (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 394 (1987)).

---

[2] Along with its Opposition, Republic filed a request for judicial notice. ("Request," Dkt. No. 16.) Republic asks the Court take notice of the labor agreements between Republic and Teamsters District Council No. 2 Local 388 M in effect from February 2012 to February 2015 and from February 2015 to February 2018. (Request at 1-2.) A court may take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court," or it is capable of accurate and ready determination by resort to sources whose "accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The Court finds these documents are properly the subject of judicial notice. Jones v. AT&T, 2008 WL 902292, at *2 (N.D. Cal. Mar. 31, 2008) (taking judicial notice of a collective bargaining agreement in determining a motion to dismiss). The Court GRANTS the Request.

The second step of the inquiry considers "whether a state law right is substantially dependent on the terms of a CBA." Burnside, 491 F.3d at 1060. This analysis considers whether "the claim can be resolved by looking to versus interpreting the CBA." Id. If the claim requires interpretation of the CBA, it is preempted. Id. In this context, the Ninth Circuit has stressed a narrow definition of "interpret"– more is required than just "consider[ing]," "refer[ing] to," or "apply[ing]" the CBA. Id. (quoting Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000)). Preemption of a state law claim is warranted only where the need to interpret the CBA "inheres in the nature of the plaintiff's claim" not simply because "the defendant refers to the CBA in mounting a defense." Id. (quoting Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001) (en banc)). "Speculative reliance" on the CBA also does not suffice to preempt a state law claim. Humble v. Boeing Co., 305 F.3d 1004, 1008 (9th Cir. 2002).

### III. DISCUSSION

Plaintiff asserts removal was not proper because preemption under § 301 of the LMRA is not justified as his state law claims do not require an interpretation of the CBAs. (Mot. at 4.) Republic argues each of Plaintiff's claims are preempted because the "allegations require interpretation of the CBA." (Opp'n at 3-4.)

The Court first considers whether Plaintiff's claims involve rights conferred upon an employee by state law or solely by a CBA. Burnside, 491 F.3d at 1059. Plaintiff's claims are grounded in California law, and Republic does not assert any of these causes of action arise from the CBAs. The Court concludes all of Plaintiff's claims exist independently of the CBAs and are rights inhering in state law. Id. Therefore, the Court considers only the second step of preemption inquiry.

### A. The Claims for Retaliation and Wrongful Termination

To establish a prima facie retaliation claim under § 1102.5 of the California labor code, a plaintiff must show: (1) he was engaged in a protected activity, (2) his employer subjected him to an adverse employment action, and (3) there is a causal link between the two. Patten v. Grant Joint Union High Sch. Dist., 134 Cal. App. 4th 1378, 1384 (2005). Plaintiff alleges Defendants reduced his work schedule after he filed a complaint, and he was unlawfully fired after "filing several complaints" with Human Resources, including complaints regarding his lack of 10-minute breaks, the misclassification of coworkers, and "other labor law violations." (Compl. ¶¶ 11-13, 16-17.) Republic argues that despite Plaintiff's claim that he complained about "violations of state and federal law," the facts pleaded in the Complaint establish he complained about contract violations. (Opp'n at 4-5.) Republic asserts the Court would need to interpret the CBA to determine whether Plaintiff had engaged in protected activity under Labor Code § 1102.5. (Id. at 5.)

Because the rights exist independently of the CBA, the Court considers whether the right is "substantially dependent on the terms of the CBA." Burnside, 491 F.3d at 1060. The Court

finds Republic's arguments unpersuasive.  First, underlying Republic's preemption argument is the assertion that Plaintiff failed to state a claim as required by federal pleading standards.  (See, e.g., Opp'n at 5.)  Republic also mentions Plaintiff's failure to identify the law or regulation Defendants allegedly violated as necessary to state a claim under § 1102.5.  (Opp'n at 7.)  Whether Plaintiff has sufficiently stated a claim is not currently before the Court.  For that reason, the Court heeds the Ninth Circuit's affirmation that "[t]he plaintiff's claim is the touchstone for [preemption] analysis," and considers the Complaint in its current form.  Cramer, 255 F.3d at 691.

Second, the Ninth Circuit has held that a CBA provision "does not trigger preemption when it is only potentially relevant to the state law claims, without any guarantee that interpretation or direct reliance on the CBA terms will occur."  Humble, 305 F.3d at 1010.  As Republic noted, Plaintiff's Complaint does not directly cite the CBAs.  (Opp'n at 5.)  Yet, Republic would have the Court assume Plaintiff could only have been complaining about violations of contract, rather than violations of law, for these claims.  Only if the Court accepts this assumption, does Plaintiff's claim potentially require an interpretation of the CBAs.  This "mere possible reliance on a CBA provision" and "hypothetical" need to interpret the CBA does not suffice to trigger preemption.  Id.

That said, even if Republic were correct that Plaintiff was complaining about contract violations, the Court finds these claims are still not preempted by the LMRA.  Republic asserts Plaintiff's claim requires interpreting the CBA to determine whether he was engaged in protected activity.  (Opp'n at 5.)  Republic also contends the parties dispute the "meaning of the CBA" and the "meaning and application of the terms of the CBA applicable to employee classification."  (Opp'n at 11-12.)  Interpretation of a CBA for preemption requires more than "looking to" or "applying" the CBA.  Matson, 840 F.3d at 1132; Cramer, 255 F.3d at 692.  Even if a court refers to these CBA provisions, a retaliation claim requires an inquiry "into the respective actions of the employer and the employee," and does not require interpretation of a CBA.  Brown v. Brotman Med. Ctr., Inc., 571 F. App'x 572, 575 (9th Cir. 2014).  Whether Plaintiff was engaged in protected activity in filing his complaints does not depend on the classification terms for employees or the provision governing rest breaks.  In addition, a wrongful termination claim "focuses on [a defendant's] motivations" and does not require the interpretation of the CBA.  Id.  Therefore, the Court concludes Plaintiff's retaliation and wrongful termination claims are not preempted.

## B.  The Claim for Defamation

The tort of defamation involves a publication that is false, defamatory, and unprivileged, and that has a natural tendency to injure or that causes special damage.  Taus v. Loftus, 40 Cal. 4th 683, 720 (2007).  California's defamation law establishes "nonnegotiable rights and obligations independent of any labor contract."  Tellez v. Pacific Gas & Elec. Co., Inc., 817 F.2d 536, 538 (9th Cir. 1987).  Still, section 301 can preempt state law defamation claims in certain circumstances, such as where the claim is "inextricably intertwined" with the CBA.  See, e.g., Shane v. Greyhound Lines, Inc., 868 F.2d 1057, 1063 (9th Cir. 1989) (holding claim regarding

discharge notifications containing allegedly defamatory statements was preempted because the CBA required the written notifications).

Plaintiff alleges he was falsely accused of grabbing a coworker by the neck/throat, around December 28, 2015 and Defendants had the coworker give a false report to the police. (Compl. ¶ 14.) Plaintiff further alleges Defendants then falsely claimed possession of a video of the incident, although the video did not show any grabbing of the neck or throat. (Id.) Plaintiff also alleges Defendant suspended him "without any legitimate investigation on December 28, 2015," and he filed a grievance with the union on January 1, 2016. (Id. ¶¶ 15, 16.) Under his cause of action, Plaintiff specifically alleges Defendants "falsely informed individuals other than Plaintiff that Plaintiff was fired for assault and/or battery upon a co-worker." (Compl. ¶ 46.) Plaintiff also alleges he is under a "strong compulsion" to repeat this comment to prospective employers and has, a situation Defendants knew would be created when they "made these false representations." (Id. ¶ 47.)

As before, the Court considers whether the claim is "substantially dependent" on the CBA terms. Burnside, 491 F.3d at 1060. Republic argues Plaintiff's defamation claim is preempted because it must be interpreted in the context of the CBAs' "just cause" termination provision and arises from the same facts that undergird his other preempted claims. (Opp'n at 12.) Republic asserts Plaintiff's allegations demonstrate the incident's connection to the investigation and grievance process outlined in the CBAs. (Id. at 13.)

Plaintiff's Complaint is ambiguous as to whom Defendants directed the alleged defamatory comments, when they occurred, or if they occurred during an investigative proceeding. The other individuals informed by Defendants of the alleged assault/battery could have been involved with the grievance process. Contrary to Republic's assertion, the mere fact that Plaintiff filed a grievance does not mandate preemption. (Opp'n at 15.) Rather, the dispositive issue is whether the allegedly defamatory statements were made in the course of a grievance proceeding. The Ninth Circuit has held defamatory statements occurring during the course of a mandated grievance procedure are preempted. Scott v. Machinists Auto. Trades Dist. Lodge No. 190, 827 F.2d 589, 594 (9th Cir. 1987) (holding a defamation claim concerning remarks made during a counseling session, pre-arbitration meetings, and an investigative hearing were preempted because they were "inextricably intertwined with the grievance machinery of the [CBA]"). Here, Plaintiff's allegations do not establish Defendants' alleged statements come within the ambit of Scott. Thus, Republic's citation to DeTomaso v. Pan American World Airways, Inc., 43 Cal. 3d 517 (1987) and Kirton v. Summit Med. Ctr., 982 F. Supp. 1381 (N.D. Cal. 1997) is unavailing.[3] To find otherwise would require the Court insert allegations into the Complaint. In

---

[3] To the extent the Kirton court assumed the defamatory statements were made "at some point during the subsequent investigation" because they succeeded the initial report of the plaintiff's wrongdoing, the Court is unwilling to make a similar assumption. 982 F. Supp. at 1389. Moreover, the Kirton court concluded the plaintiff's defamation claim was also preempted because it arose from the same facts as her preempted breach of contract claim. Id. As the Court

addition, Plaintiff alleges he has been compelled to defame himself to prospective employers, (Compl. ¶ 47), an allegation that is clearly outside the bounds of the CBAs' terms or a grievance proceeding.

Moreover, Republic's reliance on the just cause provision is unpersuasive. A court's need to refer to the CBA for Plaintiff's defamation claim would be contingent upon its evaluation of Republic's defense that it had just cause to discharge Plaintiff. Dependence on the CBA as an aspect of a defense is insufficient to "inject[] a federal question into an action that asserts what is plainly a state-law claim." Caterpillar, 482 U.S. at 399; see also Martinez v. Kaiser Found. Hospitals, 20120 WL 2598165, at *4 (N.D. Cal. July 5, 2012) ("Otherwise, virtually every claim of discrimination in regard to a union's administration of a member's rights under a CBA would be preempted since invariably a defendant union is likely to claim just cause in defense.").

Accordingly, the Court concludes Plaintiff's defamation claim is not preempted by section 301.

## C. The Claims for Emotional Distress

Plaintiff brings causes of action for intentional infliction of emotional distress and negligent infliction of emotional distress. (See Compl.) Under California law, in order to be considered outrageous, the conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Tekle ex rel. Tekle v. United States, 457 F.3d 1088, 1103 (9th Cir. 2006). Because the tort requires a reasonableness inquiry into a defendant's conduct, the CBA terms "can become relevant in evaluating whether defendant's behavior was reasonable." Miller v. AT&T Network Syss., 850 F.2d 543, 550 (9th Cir. 1988). An emotional distress claim can be preempted where the CBA "specifically covers the conduct at issue." Humble, 305 F.3d at 1013.

Plaintiff alleges Defendants' conduct in violating the California Labor Code caused his emotional distress. (See Compl. ¶¶ 38, 42.) Republic argues Plaintiff's emotional distress claims are predicated on Republic's conduct leading up to and related to his discharge, and are therefore preempted. (Opp'n 16-17.) However, Plaintiff's causes of action do not concern employment or work conditions; instead, they revolve around whether Defendants acted outrageously in retaliating against him for filing complaints, and whether they terminated him in retaliation. Republic's cited cases concern plaintiffs decrying the fact of their discharge and are thus inapposite. See, e.g., Newberry v. Pacific Racing Ass'n, 854 F.2d 1142, 1149 (9th Cir. 1988) (holding the plaintiff's emotional distress claim based on conduct arising out of the investigation prior to her discharge was preempted); Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 1002 (1987) (holding the plaintiff's emotional distress claims were preempted because they inextricably intertwined with the interpretation of the CBA and arose out of the same conduct that formed her preempted contract claim).

---

has already found Plaintiff's wrongful termination claim is not preempted, this rationale is inapplicable here.

Plaintiff's claim involves conduct not covered by the CBAs' provisions, such as the purported, underlying motive for his reduced work schedule and ultimate termination. Thus, to the extent Plaintiff alleges wrongful termination based on retaliatory animus, the CBA does not govern Defendants' conduct. Further, determining whether Defendants acted outrageously in retaliating against Plaintiff for engaging in protected activity does not require an interpretation of the CBA. See Garcia v. Rite Aid Corp., 2017 WL 1737718, at * 7 (C.D. Cal. May 3, 2017) (finding the plaintiff's emotional distress claim was not preempted to the extent it was based on his non-preempted claims for unlawful retaliation and termination for whistleblowing). The CBA does not contain provisions governing the issues of false statements made to individuals outside the grievance process nor compelled defamation. Therefore, the Court finds interpreting the CBAs would not assist a court in determining whether Defendants' conduct was extreme or outrageous. Plaintiff's emotional distress claims are not preempted.

### IV.     ATTORNEYS' FEES

In his Motion, Plaintiff also seeks attorneys' fees and costs for filing and defending this remand motion. (Mot. at 17.) Plaintiff argues Republic's removal was improper and lacking any reasonable basis. (Mot. at 15.)

The Supreme Court held the standard for awarding fees pursuant to § 1447(c) removal "should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Thus, "absent unusual circumstances," a court may award attorneys' fees only where the "removing party lacked an objectively reasonable basis for seeking removal." Id.

The Court concludes Republic did not lack an objectively reasonable basis for seeking removal. As the Ninth Circuit has noted, determining whether LMRA preempts emotional distress claims is "complicated." Miller, 850 F.2d at 550. Defendants argued for an extension of the law and distinguished other LMRA preemption cases. Moreover, no unusual circumstances are present. Therefore, the Court declines to award Plaintiff attorneys' fees and costs.

### V.     CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's Motion, DENIES the request for attorneys' fees, and REMANDS the case. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**